## Commonwealth v. Heliker

*Samuel Bonavita*, for Commonwealth.
*Joseph Massa, Jr.*, for defendant.

WOLFE, *P. J.*, September 4, 1975—Defendant is 14 years of age, being born on February 23, 1961, and is charged with criminal homicide under section 2501 of the Crimes Code of December 6, 1972 (No. 334) and by counsel has petitioned to be treated as a juvenile offender under the Juvenile Act of December 6, 1972 P.L. 1054 (No. 333), 11 PS §§50-101, et seq.

Section 7 of the act permits the court in a criminal proceeding charging murder to transfer the child from the criminal division to the juvenile division. Section 28 (e), 50 PS §50-325 provides:

"Where the petition alleges conduct which if proven would constitute murder, the court shall require the offense to be prosecuted under the criminal law and procedures except where the case has been transferred from the criminal court pursuant to section 7 of this act."

The juvenile has been examined by a sanity commission appointed by the court, which has filed a report concluding the juvenile is mentally capable of standing trial. The Commonwealth, through the district attorney's office, has advised the court that it would not seek a first-degree homicide conviction and defense counsel has advised the court that a defense of insanity would not be appropriate in light of the commission's findings and that there is a possibility the juvenile will enter a plea of guilty to murder of the third degree.

The concern of counsel is if the juvenile is treated as an adult and placed at State Correctional Institution at Rockview for confinement he would be in grave danger and in an environment not conducive

to rehabilitation. Under the prevailing circumstances, we have no alternative but to agree. The Commonwealth has recently closed the facilities at the State Correctional Institution at Camp Hill for placement of juveniles therein and it would be untenable to place this 14-year-old juvenile with the adults at Rockview Institution.

We recognize that there may be a problem of supervision if the actor is treated as a juvenile at a subsequent date, nonetheless we are of the opinion that the totality of the circumstances compel transferring the juvenile from the criminal side of the court to the juvenile section and we therefore enter the following

### ORDER

And now, September 4, 1975, Gary Lee Heliker is transferred from the criminal side of the court to the juvenile side by virtue of section 28(e) and shall hereafter be treated as a juvenile.